UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

JOSHUA GREG WILLIAMS,

          Petitioner,          Case No. 1:16-cv-563

v.                                        Honorable Gordon J. Quist

PAUL KLEE,

          Respondent.

_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.  Factual Allegations

Petitioner Joshua Greg Williams is incarcerated at the Gus Harrison Correctional Facility. Petitioner pleaded guilty in the Kent County Circuit Court to one count of assault with intent to commit criminal sexual conduct involving sexual penetration, MICH. COMP. LAWS § 750.520g(1). On April 23, 2010, he was sentenced to a prison term of one year and eight months to ten years.

Petitioner did not seek leave to appeal to either the Michigan Court of Appeals or the Michigan Supreme Court. On April 3, 2014, Petitioner filed a motion for relief from judgment in the Kent County Circuit Court, raising the two grounds he presents in his habeas petition:

I. [PETITIONER] IS ENTITLED TO THE WITHDRAWAL OF HIS GUILTY PLEA WHERE THE PLEA WAS INDUCED BY FEAR AND THE INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL.

II. [PETITIONER] WILLIAMS IS ENTITLED TO THE WITHDRAWAL OF HIS GUILTY PLEA WHERE THE PROSECUTOR KNOWINGLY SUPPRESSED FAVORABLE EVIDENCE, AND THE INEFFECTIVE ASSISTANCE OF COUNSEL.

(Pet., ECF No. 1, PageID.13.) The trial court denied the motion on May 8, 2014. Petitioner sought leave to appeal the denial of his motion to both the Michigan Court of Appeals and the Michigan Supreme Court, raising the same two grounds. Those courts denied leave to appeal on April 29, 2015 and March 8, 2016, respectively

Petitioner filed his application on or about May 13, 2016.[1]

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on May 13, 2016, and it was received by the Court on May 20, 2016. Thus, it must have been handed to prison officials for mailing at some time between May 13 and 20, 2016. For purposes of this Report and Recommendation, I have given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

II.     Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

**A.     Analysis under § 2244(d)(1)(A)**

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the

date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. *See Dodd v. United States*, 545 U.S. 353, 357 (2005). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner was sentenced on April 23, 2010.[2] He did not seek leave to appeal his conviction and sentence to either the Michigan Court of Appeals or the Michigan Supreme Court. Where a petitioner has failed to properly pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*.") (emphasis added). Petitioner had one year, or until Monday, April 25, 2011, in which to file a delayed application for leave to appeal in the Michigan Court of Appeals. *See* MICH. CT. R. 7.205(F)(3) (eff. until September 1, 2011). Because Petitioner failed to file a timely application seeking leave to appeal to the Michigan Court of Appeals, his conviction became final when his time for seeking review in that court expired. *See Williams v. Birkett*, 670 F.3d 729, 731 (6th Cir. 2012) (holding that a defendant's conviction became final when the time for seeking review under Mich. Ct. R. 7.205(F)(3) expired); *see also Gonzalez v. Thaler*, 132 S. Ct. 641, 655 (2012) (holding that, because the Supreme Court can review only judgments of

---

[2] Petitioner indicates that he was "resentenced" at a hearing held on April 23, 2010, suggesting that he may have had an earlier sentencing hearing. Even if true, April 23, 2010 represents the latest date of judgment from which the statute of limitations can be calculated.

- 4 -

a state's highest court, where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the petitioner's time expires for seeking state-court review).

Petitioner's conviction became final on April 25, 2011, and he had one year from that date to file his habeas application. Petitioner filed his petition on May 13, 2016. Obviously, he filed more than one year after the time for direct review expired. As a result, absent tolling, his petition is time-barred under § 224(d)(1)(A).

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner argues that, in June or July of 2013, he received a discovery package from his trial attorney. In that discovery package, he found original and supplemental incident reports prepared by a state police officer, Trooper Travis House, dated February 23, 2010 and February 27, 2010, respectively. The February 23, 2010 report documented that Mary Dawn Kruithoff had

informed Trooper House that a resident of her home had confessed to lying about a criminal sexual assault in which he had been involved and that an innocent man may have been wrongfully incarcerated.  Trooper House contacted the prosecutor in Petitioner's case, who asked that the resident be interviewed, resulting in the February 27, 2010 report.  Petitioner does not disclose the substance of the subsequent interview.  Based on these allegations, Petitioner suggests that his statute of limitations should have been tolled until he was provided the incident reports, because, he implies, the prosecutor "may not" have provided a copy of the supplemental incident report to defense counsel in a timely fashion or that defense counsel may have been ineffective in failing to investigate further.  (Pet., ECF No. 1-1, PageID.15.)

In order to rise to the level of an extraordinary circumstance that would support equitable tolling, "a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Hall v. Warden, Labanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011).  A "garden variety claim" of error by an attorney does not warrant equitable tolling. *Holland v. Florida*, 560 U.S. 631, 651 (2010).  "Tolling based on counsel's failure to satisfy AEDPA's statute of limitations is available only for 'serious instances of attorney misconduct.'" *Christeson v. Roper*, 135 S. Ct. 891, 894 (2015) (quoting *Holland*, 560 U.S. at 651-52).

Here, Petitioner utterly fails to allege facts suggesting that counsel was ineffective in any way.  Petitioner claims only that counsel may have erred in not advising Petitioner of the new police reports or may not have conducted additional investigation only after Petitioner had already pleaded guilty.  Because a solemn declaration of guilt carries a presumption of truthfulness, a petitioner's "subsequent presentation of conclusory allegations unsupported by specifics" is insufficient to overcome that presumption. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Petitioner's allegations are wholly conclusory. Nothing about the police reports overcomes Petitioner's own admission of guilt. As a consequence, counsel's discovery of further information about the evidence against Petitioner would not have provided Petitioner the right to withdraw his plea.

Moreover, Petitioner's claim that the prosecutor may have failed to release the potentially exculpatory police reports in a timely fashion also fails to serve as a basis for equitable tolling. The constitutional question concerns a federal criminal defendant's waiver of the right to receive from prosecutors exculpatory impeachment material—a right that the Constitution provides as part of its basic "fair trial" guarantee. *See* U.S. CONST., Amdts. 5, 6; *see also Brady v. Maryland*, 373 U.S. 83, 87 (1963) (Due process requires prosecutors to "avoi[d] ... an unfair trial" by making available "upon request" evidence "favorable to an accused . . . where the evidence is material either to guilt or to punishment"); *United States v. Agurs*, 427 U.S. 97, 112–113 (1976) (defense request unnecessary); *Kyles v. Whitley*, 514 U.S. 419, 435 (1995) (exculpatory evidence is evidence the suppression of which would "undermine confidence in the verdict"); *Giglio v. United States*, 405 U.S. 150, 154(1972) (exculpatory evidence includes "evidence affecting" witness "credibility," where the witness' "reliability" is likely "determinative of guilt or innocence"). However, "when a defendant pleads guilty he or she, of course, forgoes not only a fair trial, but also other accompanying constitutional guarantees." *United States v. Ruiz*, 536 U.S. 622, 628-29 (2002) (citing *Boykin v. Alabama*, 395 U.S. 238, 243 (1969) (pleading guilty implicates the Fifth Amendment privilege against self-incrimination, the Sixth Amendment right to confront one's accusers, and the Sixth Amendment right to trial by jury). As a consequence, the Supreme Court has declined to hold that the prosecution is required to provide a defendant material impeachment evidence, such as that

alleged here, prior to entry of a guilty plea. *See Ruiz*, 536 U.S. at 633. In addition, the Supreme Court has never addressed or recognized a right to withdraw a plea on the basis of impeachment evidence that became available only after a defendant has pleaded guilty. As a result, it is not clearly established that the prosecutor had a duty to provide the police reports to Petitioner's attorney, once Petitioner had pleaded guilty. In the absence of such a duty, the prosecutor's conduct cannot serve as the sort of extraordinary circumstance that stood in the way of Petitioner filing a timely petition.

In addition, Petitioner fails to demonstrate the requisite diligence entitling him to equitable tolling. Petitioner does not allege that he even attempted to obtain his attorney's file prior to 2013, three years after he was sentenced. He also delayed filing a motion for relief from judgment in the state court for nearly a year after he received the information. Under these circumstances, Petitioner has not demonstrated that he has pursued his rights diligently. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (holding that, where the petition was not filed until more than seven months had elapsed beyond the one-year period, the petitioner was not diligent in pursuing her rights) (citing *Cook v. Stegall*, 295 F.3d 517, 518 (6th Cir. 2002) (holding that petitioner was not diligent in filing one month late)).

For all these reasons, Petitioner fails to demonstrate entitlement to equitable tolling of his statute of limitations.

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a

Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 1936.

In the instant case, although Petitioner claims that a 2010 police report contains a woman's speculation that Petitioner may have been innocent, he at no time asserts that he is in fact actually innocent. Nor does he proffer any evidence of his innocence, much less evidence that makes it more likely than not that no reasonable jury would have convicted him. *Schlup*, 513 U.S. at 329. Because Petitioner has wholly failed to provide evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1).

As a result, Petitioner's habeas application, when analyzed under 28 U.S.C. § 2244(d)(1)(A), is time-barred.

### B. Analysis under § 2244(d)(1)(B)

Based on the same facts, Petitioner arguably suggests that the prosecutor and the defense attorney, by not providing him information about the police reports of April 2010, impeded his filing of a timely habeas petition within the meaning of § 2244(d)(1)(B). When a federal habeas petitioner relies on § 2244(d)(1)(B), which delays the running of the one-year period when an impediment resulting from unlawful state action has prevented a petitioner from timely filing his petition, a petitioner must "allege facts that establish that he was so inhibited by the state's action

that he was unable to file and state a cause of action before the limitation period expired." *Neuendorf v. Graves*, 110 F. Supp. 2d 1144, 1153 (N.D. Iowa 2000) (internal quotation omitted), *cited in Redmond*, 295 F. Supp. 2d at 772. The "plain language" of § 2244(d)(1)(B) "makes clear that whatever constitutes an impediment must *prevent* a prisoner from filing his petition." *Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002) (emphasis in original).

Petitioner utterly fails to make the necessary showing. Although he argues that the prosecutor *may* have failed to produce the information in a timely fashion or his attorney *may* have failed to investigate further, he wholly fails to provide evidence that either occurred. Petitioner received the information package from his defense attorney, suggesting that the prosecutor provided the reports during the time of the attorney's representation of Petitioner, i.e. at the plea and sentencing phases of the case. He therefore fails to allege facts suggesting that the prosecutor delayed providing the information to his attorney or that his attorney in any way delayed providing it to Petitioner. In addition, Petitioner fails to allege that the state took any other action to prevent him from presenting his claims on direct appeal or otherwise. He therefore fails to show that the state actually prevented him from raising his claims in a timely fashion.

### C. Analysis under § 2244(d)(1)(D)

For many of the same reasons Petitioner is not entitled to equitable tolling on the basis of his late receipt of allegedly exculpatory evidence, he is not entitled to calculation of his statute of limitations under § 2244(d)(1)(D). Section 2244(d)(1)(D) provides that the time the limitations period begins to run is when a petitioner knows, or through due diligence, could have discovered, the important facts for his claims, not when the petitioner recognizes the legal significance of the facts. *See Redmond v. Jackson*, 295 F. Supp. 2d 767, 771 (E.D. Mich. 2003)).

"The question under the provision is not when prisoners first learned of the new evidence; it is when they should have learned of the new evidence had they exercised reasonable care." *Townsend v. Lafler*, 99 F. App'x 606, 608 (6th Cir. 2004) (citing *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000)). Section 2244(d)(1)(D) "does not convey a statutory right to an extended delay while a petitioner gathers every possible scrap of evidence that might support his claim. *Id.* (quoting *Sorce v. Artuz*, 73 F. Supp. 2d 292, 294-95 (E.D.N.Y. 1999))." *Id.* "Rather, it is the actual or putative knowledge of the pertinent facts of a claim that starts the clock running on the date on which the factual predicate of the claim could have been discovered through due diligence, and the running of the limitations period does not await the collection of evidence which supports the facts, including supporting affidavits." *Id.* (citing *Tate v. Pierson*, 177 F. Supp. 2d 792, 800 (N.D. Ill. 2001), and *Flanagan v. Johnson*, 154 F.3d 196, 198-99 (5th Cir. 1998)). Furthermore, a habeas petitioner has the burden of proof in establishing that he exercised due diligence in searching for the factual predicate of the habeas claims. *Stokes v. Leonard*, 36 Fed. Appx. 801, 804 (6th Cir. 2002). Unsupported and conclusory arguments are insufficient to warrant application of § 2244(d)(1)(D). *Redmond*, 295 F. Supp. 2d at 772; *Grayson v. Grayson*, 185 F. Supp. 2d 747, 750-51 (E.D. Mich. 2002) (holding that a petitioner does not show how the factual predicate could not have been discovered earlier if he fails to indicate the steps he took to discover the claims).

According to Petitioner's own allegations, the police reports became available between the time he pleaded guilty and the time he was resentenced. Petitioner fails to allege that he exercised diligence in attempting to discover them. Indeed, he does not even allege that he made an attempt to obtain his file from his attorney until 2013, long after his statute of limitations had expired. Moreover, if Petitioner was actually innocent of the offense, he would have been well

aware of his innocence at the time he pleaded guilty, and he both could have and should have requested all discovery evidence and his attorney's file at or shortly after the time of his conviction.

In sum, Petitioner has failed to demonstrate that he exercised reasonable diligence in discovering the factual basis of his claim. As a consequence, § 2244(d)(1)(D) is inapplicable on the facts alleged by Petitioner.

**Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.


Date:  June 8, 2016                                              /s/ Ellen S. Carmody
                                                                                           ELLEN S. CARMODY
                                                                                            United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).