UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JOSHUA GREG WILLIAMS,

      Petitioner,

v.                              Case No. 1:16-CV-563

PAUL KLEE,                   HON. GORDON J. QUIST

      Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Petitioner, Joshua Greg Williams, has filed Objections to Ellen S. Carmody's June 8, 2016 Report and Recommendation (R & R), in which the magistrate judge recommended that the Court deny the habeas corpus petition as time-barred. Pursuant to 28 U.S.C. § 636(b)(1), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a *de novo* review of the R & R and Petitioner's Objections, the Court will adopt the R & R and overrule Petitioner's Objections.

Petitioner argues he is entitled to equitable tolling because he was mentally incompetent. "A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011) (internal quotation marks omitted). "[T]he petitioner bears the ultimate burden of persuading the court that he or she is entitled to equitable tolling." *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir.2002). The Sixth Circuit has cautioned that equitable tolling should be applied sparingly. *Ata*, 662 F.3d at 741.

"[A] petitioner's mental incompetence, which prevents the timely filing of a habeas petition, is an extraordinary circumstance that may equitably toll AEDPA's one-year statute of limitations." *Id.* at 742. A petitioner seeking equitable tolling on the basis of mental incompetence must demonstrate that "(1) he is mentally incompetent and (2) his mental incompetence caused his failure to comply with AEDPA's statute of limitations." In other words, a petitioner may not rely on "a blanket assertion of mental incompetence[,]" but must instead demonstrate "a causal link between the mental condition and untimely filing." *Id.*

Petitioner argues that his "mental state was and is beyond his control, making filing impossible," and that he was "personally unable to understand the need to timely file." (ECF No. 5 at Page ID.38.) In support of his argument, Petitioner has attached mental health records from earlier this year demonstrating that Petitioner has been diagnosed with bipolar disorder, borderline personality disorder, and antisocial personality disorder. (ECF No. 5-1.) Although Petitioner's records demonstrate that he currently faces significant difficulties related to his mental health, they fail to demonstrate that he is mentally incompetent. In fact, Petitioner was able to file a petition and Objections in spite of his mental health problems. More importantly, however, the records provide no indication that Petitioner's failure to file was caused by his mental health issues or even his personality disorders. The records provide no insight into Petitioner's mental health during the period before the statute of limitations expired in 2012. In sum, Petitioner has failed to demonstrate that he was mentally incompetent during the relevant period, or that any issue with his mental competence caused his failure to file a timely petition.[1]

---

[1] An evidentiary hearing is required only when "sufficiently specific allegations would entitle the petitioner to equitable tolling on the basis of mental incompetence which caused the failure to timely file." *Ata*, 662 F.3d at 743. This Court finds that Petitioner has failed to meet the required showing for an evidentiary hearing.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated "a substantial showing of a denial of a constitutional right." *Id.* The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claims was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability.

Therefore,

**IT IS HEREBY ORDERED** that the Report and Recommendation (ECF No. 4) is **ADOPTED** as the Opinion of the Court, and the Petition (ECF No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Objection to the R & R (ECF No. 5) is **OVERRULED**.

**This case is concluded.**

**A separate judgment will issue.**

Dated: July 6, 2016                                /s/ Gordon J. Quist
                                                                                     GORDON J. QUIST
                                                                    UNITED STATES DISTRICT JUDGE